UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIDGEWATER CAPITAL TRUST and
BANK OF AMERICA TRUSTEE,

    Plaintiffs,

v.

Civil Case No. 18-11378
Honorable Linda V. Parker

BANK OF AMERICA,

    Defendant.
_____/

## **OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT**

Plaintiffs filed this lawsuit pursuant to 42 U.S.C. § 1983 on May 2, 2018, alleging that Defendant Bank of America violated their constitutional rights. Plaintiffs paid the filing fee for this action. The purported basis for jurisdiction is that the Complaint presents a question of federal law. (Compl. at 1, ECF No. 1 at Pg ID 1.)

"[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citations omitted). Plaintiffs' § 1983 claim against Defendant is not arguably plausible.

In the Complaint, Plaintiffs allege that in 2014 and 2015 they began to foreclose and seize Defendant's real and intellectual property as a result of defaulted international trading contracts. (Compl. ¶ 1, ECF No. 1 at Pg ID 2.) Plaintiffs further allege that the foreclosure process was reported to the United States Internal Revenue Service ("IRS") and Department of Treasury. (*Id*. ¶ 2.) During the foreclosure, Plaintiffs, through their Trustee Duane L. Berry, seized several physical properties and bank branches. (*Id*. ¶ 3.)

Plaintiffs allege that Berry earned taxable income of $922,291,924.00 for his role as trustee. (*Id*. ¶ 5, Pg ID 3.) Plaintiffs further allege:

> Trustee Berry has stated to the Plaintiff, that as [sic] no fault of his own, the Defendant has failed to relinquish full control of trust property over to him and as a direct result the Plaintiff has suffered a loss of $922,291.924.00 …

(*Id* ¶ 6.) Plaintiffs reported the loss to the IRS, but claim Defendant failed to report its financial obligation to Plaintiffs to the IRS. (*Id*. ¶¶ 9, 10.) Plaintiffs appear to be claiming that this caused them to suffer tax consequences of about $21,000.00. (*Id*. ¶ 6.) Plaintiffs assert that "Defendant's refusal to 'settle accounts' cannot be justified by a rational basis as it causes a severe and illegal tax consequence, violates Plaintiffs' constitutional rights, and undermines the legality of the entire federal tax system …" (*Id*. ¶ 11.)

A plaintiff alleging a claim under § 1983 "must demonstrate a deprivation of a right secured by the Constitution or laws of the United States caused *by a person*

*acting under color of state law."* Westmoreland v. Sutherland, 662 F.3d 714, 718 (6th Cir. 2011) (emphasis added) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Generally, private parties like Defendant are not state actors unless their actions are "fairly attributable to the state." *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). A private party that has conspired with state officials to violate constitutional rights also qualifies as a state actor and may be held liable under § 1983. *Moore v. City of Paducah*, 890 F.2d 832, 834 (6th Cir. 1989); *Hooks v. Hooks*, 771 F.2d 935, 943 (6th Cir. 1985).

The Sixth Circuit Court of Appeals recognizes three tests for determining whether a private party's conduct is fairly attributable to the state: the public function test, the state compulsion test, and the nexus test. *Am. Postal Workers Union, AFL-CIO v. City of Memphis*, 361 F.3d 898, 905 (2004) (citing *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992)). In summary,

> [t]he public function test requires that the private entity exercise powers which are traditionally exclusively reserved to the state. The state compulsion test requires proof that the state significantly encouraged or somehow coerced the private party, either overtly or covertly, to take a particular action so that the choice is really that of the state. Finally, the nexus test requires a sufficiently close relationship between the state and the private actor so that the action taken may be attributed to the state.

*Id.* (quotation marks and internal citations omitted). The allegations in Plaintiffs' Complaint in no way suggest conduct by Defendant that is "fairly attributable to

the state" under any of these tests. Nor do Plaintiffs' allegations suggest a conspiracy between Defendant and state officials.

Therefore, the Court concludes that Plaintiffs' § 1983 claim against Defendant is frivolous and must be dismissed.[1]

Accordingly,

**IT IS ORDERED** that Plaintiffs' Complaint is summarily dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1);

**IT IS FURTHER ORDERED** that the Clerk of the Court shall forthwith refund Plaintiffs' filing fee of $400 (Receipt No. DET113590), by issuance of a check payable to Maurice D. Boraders, to be sent to Maurice D. Boraders, 38742 Bramham, Clinton Township, MI 48038.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 24, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 24, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager

---

[1] On May 22, 2018, Plaintiff delivered six boxes of documents to the Court for filing. In light of the Court's ruling, the documents will not be entered on the docket and Plaintiff shall retrieve the boxes within fourteen days of his receipt of this Opinion and Order.